## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                          :
M.H. RYDEK ELECTRONICS, LLC,              :        CIVIL ACTION
                                          :
            Plaintiff,                    :
                                          :
       v.                                 :        No. 07-3885
                                          :
ZOBER INDUSTRIES, INC.,                   :
                                          :
            Defendant.                    :
_____:

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                        **NOVEMBER  15, 2007**

  Presently before the Court is Defendant Zober's ("Zober") Motion to Dismiss Counts IV,
V, and VI of Plaintiff M.H. Rydek's ("Rydek") Complaint.  The relevant portions of Rydek's
Complaint assert claims against Zober for promissory estoppel, unjust enrichment, and fraud and
misrepresentation in connection with the parties' alleged agreements for the sale of various
electronic parts and equipment.  Zober requests dismissal of these claims pursuant to Federal
Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendant's Motion is denied.

## I. BACKGROUND

  Rydek is a dealer of electronic parts and components.  Zober is a manufacturer of
electronic products and machinery.  According to the allegations in the Complaint, Rydek began
receiving purchase orders from Zober via email, fax, and telephone beginning in and around
March, 2007.  In April 2007, Rydek filled two of Zober's purchase orders with items that were
valued at $35,000.  Rydek requires buyers to make payment on all purchases within thirty days
and sends invoices to its customers, along with their purchases, outlining these terms.  Rydek

sent an invoice along with the initial shipment to Zober and received payment within the required thirty days.

Following the initial shipment, Rydek alleges that from April 3, 2007 until July 3, 2007, it filled a number of subsequent orders for Zober, totaling $328,756.71.  According to Rydek, Zober accepted delivery on all shipments, but failed to make payment on them within the required thirty day period.  After not receiving payment, Rydek compiled a spreadsheet detailing the items Zober had purchased, the cost of the items, the amounts due, and provided the spreadsheet to Zober.  Zober did not challenge any of the information.  In addition to the orders discussed above, Rydek alleges that Zober placed a series of additional orders during June, 2007, which Rydek also filled and shipped.  The amount due on these additional shipments totaled $45,861.66.  According to Rydek, Zober sent a check for the $45,861.66 due on these deliveries, but later stopped payment on the check without notice to Rydek.

In addition to these purchase orders, Rydek claims that Zober placed "blanket orders" in May 2007 in the form of three "non-cancellable/non-refundable product agreements" whereby Rydek was to deliver full quantities of certain electronic parts to Zober for a twelve month period.  Rydek asserts that despite these orders being "non-cancellable," Zober emailed Rydek on July 17, 2007, cancelling all orders.  Prior to receiving this email, Rydek had already purchased $1,102,223.75 in parts to fill the orders and had already boxed and loaded $400,000.00 worth of materials for shipment to Zober.  In September 2007, Zober paid $200,000 for the materials it had received from Rydek but has refused to pay the additional balance remaining on its account.

Thereafter, Rydek filed a Complaint on September 18, 2007 asserting, inter alia, claims for promissory estoppel, unjust enrichment, and fraud and misrepresentation against Zober.  On

October 10, 2007, Zober filed a Motion to Dismiss Rydek's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We address Zober's Motion below.

## II. LEGAL STANDARD

When deciding whether to grant a Rule 12(b)(6) Motion to Dismiss, we must accept as true all well-pleaded allegations in the Complaint and view them in a light most favorable to the Plaintiffs. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). Therefore, Defendants' Motion will be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id.

## III. DISCUSSION

Zober first asserts that Rydek's claim for fraud and misrepresentation is barred by Pennsylvania's "gist of the action" doctrine. The gist of the action doctrine "precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." Etoll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. 2002). The purpose of the doctrine is to uphold the important difference between contract law and tort law. Id. "[T]ort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." Id. (citing Bash v. Bell Tel. Co, 601 A2d 825 (Pa. Super. 1992). Thus, the gist of the action analysis requires the court to decide whether the claim is essentially a contract claim or a tort claim based on the "source of the duties allegedly breached; if the claim essentially alleges a breach of duties that flow from an agreement between the parties, the claim is contractual in nature, whereas if the allegedly breached were of a type imposed on members of society as a matter of social policy, the claim is essentially tort-based." Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc., 123 F.

3

Supp. 2d 826, 833 (E.D. Pa. 2000).

While Rydek's claims seem to stem from duties owed to it under the agreement, Zober has never admitted the existence of a contract between it and Rydek.  In its Answer to Zober's Motion to Dismiss ("Pl.'s Answer"), Rydek argues that it is premature, at this stage, to dismiss its fraud claim under the gist of the action doctrine because Zober has not admitted the existence of a contract and may have evidence or a defense to Rydek's assertion that a contract was, in fact, formed.  (Pl.'s Answer 4.)   Zober subsequently filed a Reply to Rydek's Answer ("Def.'s Reply") in which it still does not admit the existence of a contract.  (Def.'s Reply 1-6.)  Given that Zober may, in fact, have evidence or a defense to the existence of a contract, it would be premature to dismiss Rydek's fraud claim before the parties have had the benefit of discovery on the contract question.

Furthermore, this finding is supported by the many courts that have been reluctant to apply the gist of the action doctrine to dismiss tort claims where the existence of a contract is still in question.  See, e.g., Deangelo Brothers, Inc. v. Long, No. 05-0800, 2005 U.S.Dist. LEXIS 45296, at *9-11 (M.D. Pa. June 1, 2005); Gemini Bakery Equip. v. Baktek, No.3204, 2005 Ct. Com. Pl. LEXIS 121, at *10 (Phila. 2005); Greencort Condo Ass'n. v. Greencort Partners, No. 004045, 2004 Ct. Com. Pl. LEXIS 57, at *9 (Phila. 2004).  Like Zober, the defendants in Gemini Bakery moved to dismiss plaintiff's tort claims under the gist of the action doctrine without addressing the existence of the contract.  Gemini Bakery, at *10.  The defendants simply argued that the real substance of the action was in contract, not tort, and moved to dismiss on that basis.  Id.  The court denied the defendant's motion, finding "[a]t this point, it is not clear whether defendants admit or deny the existence of an agreement between themselves and plaintiff.  Thus,

4

the Court will not dismiss the tort claims at this point because it may eventually be found that there was no agreement between the parties." Id.  Like the Court in Gemini Bakery, the Court declines to dismiss plaintiff's tort claims at this early stage of the proceedings.  Zober has not admitted that a contract actually existed, and given the possibility that Zober might deny the existence of any contract or present a defense to contract formation, Rydek's tort claims will not be dismissed at this stage.

Because it has not been determined that a contract exists between the parties, the Court additionally rejects Zober's contention that Rydek cannot alternatively plead claims for promissory estoppel and unjust enrichment.  While a party may not recover in both contract and quasi-contract, see Galdieri v. Monsanto Co., 245 F. Supp. 2d 636, 651 (E.D.Pa. 2002), there has not yet been a determination in this case whether any contract actually exists between the parties. Therefore, it would be inappropriate to strike Rydek's quasi-contract claims at this early stage of the proceedings.

Zober additionally argues that Rydek's tort claims should be dismissed under the economic loss doctrine and for failure to meet the requirements of Rule 9(b).  The purpose of the economic loss doctrine is substantially the same as that of the gist of the action doctrine, which is to ensure a distinction between contract claims and tort claims.  Hospicomm, Inc. v. Fleet Bank, N.A., 388 F. Supp. 2d 578, 582 (E.D.Pa. 2004).  The economic loss doctrine bars a plaintiff from recovering purely economic losses stemming solely from a breach of contract.  Bohler-Uddelholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 104 (3d Cir. 2001) (citing Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 618 (3d Cir. 1995)).  Nevertheless, as discussed above, there has been no finding that an actual contract exists in this case.  Furthermore, the

5

Third Circuit has found that the gist of the action doctrine is the correct analysis to apply in non-products liability cases[1] alleging claims for both breach of contract and tort.  Bohler-Uddelholm, 247 F3d at 104 n.11.  For these reasons, the Court declines to dismiss Rydek's tort claims based on the economic loss doctrine.

Finally, the Court finds that Rydek has pled fraud with enough particularity to meet the requirements of Rule 9(b).  Rule 9(b) requires, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b).  Rydek is required to plead its fraud claim with sufficient particularity "to put the defendant on notice of the precise misconduct at issue."  Wilmington Fin., Inc. v. Am. One Fin., Inc., No. 06-5559, 2007 U.S. Dist. LEXIS 55738, at * 4 (E.D.Pa. July 31, 2007).  Rydek's Complaint asserts that Zober contacted Rydek and induced it to enter into a series of "non-cancellable, non-refundable" blanket order agreements, whereby Rydek was to be the sole supplier of goods under these agreements.  (Compl. ¶ 75.)  Rydek further contends that despite the agreement that the contract could not be cancelled, Zober never intended to honor the contracts but, instead, intended to continue to shop around for a better price and to cancel the contract when it could obtain the goods at a lower price.  (Compl. ¶ 76-77.)  Rydek alleges that this conduct amounted to fraud.  Thus, the Complaint is sufficient for purposes of Rule 9(b), as it puts Zober on notice of the exact conduct alleged to be fraudulent.

An appropriate Order follows.

---

[1] The economic loss doctrine arose in the context of products liability cases where the parties contracted for the manufacture of a product that ultimately failed, resulting in purely economic loss to the product itself. Bohler-Uddelholm, 247 F3d at 104 n.11.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                          :
M.H. RYDEK ELECTRONICS, LLC,              :          CIVIL ACTION
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :          No. 07-3885
                                          :
ZOBER INDUSTRIES, INC.,                   :
                                          :
            Defendant.                    :
_____:

## ORDER

    **AND NOW**, this   15th   day of November, 2007, upon consideration of Defendant's

Motion to Dismiss Counts IV, V, and VI of Plaintiff's Complaint pursuant to Rule 12(b)(6)

(Doc. No. 4), and the response and replies thereto, it is hereby **ORDERED** that Defendant's

Motion is **DENIED**.


                                       BY THE COURT:


                                       /s/ Robert F. Kelly_____
                                       ROBERT F. KELLY
                                       SENIOR JUDGE